## First National Bank of Helena, Arkansas, v. J. E. Garside et al.

1. ACCEPTANCES—*Draft upon Creditors.*—A draft drawn "on arrival of car and inspection, less freight, pay to the order of the First National Bank, $500, value received, and charge to the account of," and accepted "subject to inspection and according to sample," is accepted upon condition that the merchandise in the car shall be as good as the sample, and if not as good, then the difference is to be deducted from the draft, less, also, freight, as provided in the draft.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

The opinion states the case.

ARTHUR KEITHLEY, attorney for appellant.

WINSLOW EVANS and NICHOLAS ULRICH, attorneys for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit in assumpsit declaring specially on a bill of exchange, given for the price of a car load of lumber. The money counts were added with the view of recovering the value of that lumber, in the event of failure to recover on the bill of exchange.

The defendants constitute a partnership, named J. E. Garside & Co., who have a box factory and planing mill in the

City of Peoria. In 1891, appellees had in their employ as book-keeper and manager to some extent, J. W. Reynolds. There was a firm in both St. Louis and Helena, Arkansas, called J. H. Batchelder Manufacturing Co., either the same firm or two of the same name. J. H. Batchelder managed the Helena, and his son, M. D. Batchelder, the St. Louis firm. In 1891, the appellees, by J. E. Garside, or their book-keeper, gave an order to the St. Louis firm for a quantity of lumber, which was to be according to a certain standard, as sample therefor agreed on. This order was forwarded to the Arkansas firm.

The lumber was placed on board car at Helena by the said J. H. Batchelder Manufacturing Company, and the bill of lading given for the same by the railroad company, consigned to the consignor, which was thereupon indorsed and attached to a draft then drawn on defendant for $500, the price of said lumber, which was then discounted by the plaintiff and sent by it to the First National Bank of Peoria for acceptance.

The lumber was shipped from Helena to St. Louis in one car and at that point it was unloaded and thence shipped to Peoria in two cars.

Just when the draft arrived in Peoria is not very certain nor does the record show just when the lumber was received by defendants, but the draft, with the bill of lading attached, was presented to the defendants after the arrival of the lumber, and acceptance was first refused, but afterward defendants telephoned that if the draft was sent down they would accept the same, whereupon the bank messenger again took the draft and bill of lading to the defendants, and the book-keeper wrote on the face of the same in red ink, "accepted subject to inspection, according to sample. J. E. Garside & Co."

The appellees received the lumber March 28, 1891, and consumed it, and sent to the J. H. Batchelder Manufacturing Co., St. Louis, $250, and again, April 27, $176 more, the amount they claim was the balance due for said lumber after freight charges were deducted, and lumber not being

according to sample. The appellees insist and did at the trial, that Reynolds had no authority to accept the draft, and that therefore they are not bound on the acceptance and that is one of the main questions in the case.

The draft was dated March 16, 1891, at Helena, Arkansas, and read as follows:

" On arrival of car and inspection, less freight, pay to the order of the First National Bank, five hundred dollars, value received, and charge to account of Batchelder Manufacturing Co.

J. H. BATCHELDER, Prest.

To J. G. GARSIDE."

Indorsed on the face of it as follows:

" Accepted subject to inspection and according to sample.

J. G. GARSIDE & Co.    R."

The bill of lading of the Missouri Pacific Ry. Co. was attached to the draft, indorsed in blank by J. H. Batchelder Manufacturing Co.

The collecting agent of the First National Bank of Peoria, Richard Heneberry, presented the draft in question, together with the bill of lading attached, to Reynolds, the book-keeper at the Garside Planing Mill, who had been there six years; it was not then accepted, but he brought it down and presented it to the book-keeper at Garside's Mill. He said, " Wait a minute, I will go into the factory." "I think he said to see Garside; he went out into the factory with the draft and accepted it and handed it back to Heneberry." Heneberry testifies he thinks, though not positive, that Reynolds had accepted before that time, one other draft at least. The attorney of appellant, Horner, testified that J. E. Garside, at his place of business in Peoria, admitted accepting the draft, with certain conditions, and only refused to pay because he had paid Batchelder Manufacturing Co. The bill of lading was then delivered to appellees upon the acceptance of the draft.

Garside, the manager, when informed of the presentation of the draft and bill of lading, authorized Reynolds to accept something, the draft, bill of lading or lumber, conditionally,

or subject to inspection according to sample.   Just what he did authorize Reynolds to accept is a little uncertain in his mind.

But on a former trial he testified that he "told him (Reynolds) when it was reported they had drawn, that the bill of lading had to be accepted, or something of the sort before we could open the car."   The witness J. E. Garside claimed in his testimony that he did not understand it was a draft that had to be accepted, but it was something, and it is evident from his entire testimony that he was willing to accept conditionally, subject to inspection and according to sample, whatever was necessary to get the lumber, and so advised his clerk, and the clerk accepted the draft according to the prescribed conditions.   His clerk having accepted the draft and received the lumber under this authority, the appellees ought to be estopped from denying the acceptance.

If J. E. Garside, by his negligence, failed to understand just what he ordered his clerk to do and forgot the matter, or by his negligence did not exactly know what he ordered the clerk to do, and if some one must suffer loss, it should be appellees, instead of the innocent appellant, who had no interest in the transaction except to recover the money it had advanced on the lumber.   We think under the evidence the authority given to Reynolds to accept was ample, but the acceptance was conditional.   There was a warranty that the lumber should be as good as sample.   If the lumber was not as good as sample, then the difference should be deducted from the draft, less also freight, as is provided in the draft. We need not notice other objections.   The judgment of the court below is reversed and the cause remanded.